IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS LaROCCA,
    Petitioner,

vs.                                    Case No. 3:06cv367/LAC/EMT

SCOTT FISHER, WARDEN,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). The filing fee has been paid. This court has not ordered service of the petition upon Respondent because, as discussed herein, summary dismissal of the petition is appropriate.

    Petitioner states he was convicted in the United States District Court for the Southern District of Florida, Case Number 8:94cr86, of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846 (Doc. 1 at 2, attached supporting memorandum at 1). He was sentenced to concurrent terms of 240 months of incarceration, pursuant to section 841(b)(1)(A), which imposes a mandatory sentence of 20 years where a defendant had a prior conviction for a felony drug offense (Doc. 1, supporting memorandum at 1). Petitioner states he previously sought relief from his conviction by filing a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 on the ground that he was convicted in violation of <u>Brady v. Maryland</u>, 373 U.S., 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), but the motion was denied on the merits (*see* Doc. 1 at 2, supporting memorandum at 6).

    In the instant habeas petition, Petitioner challenges the validity of his sentence on the following grounds: (1) he received ineffective assistance of counsel at sentencing based upon counsel's failure to investigate whether Petitioner's prior conviction qualified as a predicate offense

to impose a 20-year mandatory sentence pursuant to section 841(b)(1)(A), and (2) his sentence is illegal because his prior conviction did not qualify as a predicate offense to impose the mandatory sentence (Doc. 1 at 4, supporting memorandum).

To challenge on constitutional grounds the imposition or validity of his conviction or sentence, Petitioner must file his petition pursuant to 28 U.S.C. § 2255.  *See* United States v. Hayman, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952).  By contrast, a habeas corpus petition under 28 U.S.C. § 2241 generally attacks only the execution or carrying out of an initially valid confinement.  *See* Broussard v. Lippman, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981).[1]  Although jurisdiction under section 2241 may be found through what has been referred to as "the savings clause" of the amended section 2255,[2] this remedy is available only if Petitioner establishes that the section 2255 remedy is inadequate or ineffective.  *See* Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Lane v. Hanberry, 601 F.2d 805 (5th Cir. 1979).  In Wofford, the Eleventh Circuit stated:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244.

Petitioner apparently recognizes that claims like the ones presented in the instant petition must normally be presented in a motion attacking the conviction pursuant to section 2255; however, Petitioner states that section 2255 is "inadequate or ineffective" because his claim presents a "fundamental defect" in sentencing, and he did not have an opportunity to obtain judicial correction

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

[2] The "savings clause" provides:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(emphasis added).

of the defect until recently, when he became aware that the predicate conviction was not a felony drug conviction (Doc. 1, supporting memorandum at 6-7). Petitioner states he filed an application with the Eleventh Circuit Court of Appeals to file a second section 2255 motion asserting his claims, but his application was denied (*id*. at 6, Ex. B).

In Wofford, the Eleventh Circuit specifically stated:

> We need not decide whether the savings clause extends to sentencing claims in those circumstances [where a petitioner's claims involve a "fundamental defect" in sentencing and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier] or what a "fundamental defect" in a sentence might be. It is enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent.

177 F.3d at 1244-45. In the instance case, Petitioner does not allege that either of his claims is based upon a retroactively applicable Supreme Court decision overturning Eleventh Circuit precedent. Therefore, Petitioner is simply not entitled to proceed in habeas corpus pursuant to the savings clause of section 2255.

In habeas corpus actions, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243.[3] Since Petitioner is plainly not entitled to pursue the relief he seeks under section 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED WITH PREJUDICE** pursuant to Rule 4, Rules Governing Section 2254 Cases, and 28 U.S.C. § 2243.

---

[3]Although this habeas action was not brought pursuant to section 2254 but section 2241, Rule 1(b) of the Section 2254 Rules allows the court to apply these rules in section 2241 cases. *See* Kramer v. Jenkins, 108 F.R.D. 429, 432 (N.D. Ill. 1985).

Case No.: 3:06cv367/LAC/EMT

At Pensacola, Florida this 27th day of September 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**